UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>STUART SHERMAN, et al.,<br><br>Defendants. | Case No. 1:21-cv-01208-JLT-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION DEFENDANTS' MOTION TO DISMISS WITHIN TWENTY-ONE DAYS |

Robert Miller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 18, 2021, Defendants filed a motion to dismiss. (ECF No. 24). Even though Plaintiff had not yet filed a notice of change of address, on December 16, 2021, Defendants re-served the motion to dismiss on Plaintiff at California Medical Facility, where Plaintiff is now housed. (ECF Nos. 28 & 31).[1]

Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days (Local Rule 230(l)), but did not do so. Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

---

[1] The Court appreciates defense counsel's thoroughness regarding service.

1

1    "Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali
2    v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Thus, a Court may dismiss an action for a plaintiff's
3    failure to oppose a motion to dismiss, where the applicable local rule determines that failure to
4    oppose a motion will be deemed a waiver of opposition.  See Ghazali, 46 F.3d 52 (dismissal
5    upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had
6    adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v.
7    Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment
8    cannot be granted based on a failure to file opposition, regardless of any local rule to the
9    contrary).
10       Despite Plaintiff's failure to follow Local Rule 230(l), the Court will give Plaintiff an
11   additional twenty-one days to file an opposition or statement of non-opposition to Defendants'
12   motion to dismiss.  If Plaintiff fails to file his opposition within this period, the Court may deem
13   the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may
14   recommend that the motion be granted on that basis.  Alternatively, the Court may recommend
15   that this action be dismissed for failure to prosecute and failure to comply with a court order.
16       Accordingly, IT IS HEREBY ORDERED that:
17       1. Within twenty-one days from the date of service of this order, Plaintiff shall file an
18          opposition or statement of non-opposition to Defendants' motion to dismiss; and
19   \\\
20   \\\
21   \\\
22   \\\
23   \\\
24   \\\
25   \\\
26   \\\
27   \\\
28   \\\

2. If Plaintiff fails to comply with this order, the Court may deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 28, 2022**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE